**Jian Hua PAN, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–4442.

United States Court of Appeals,
Second Circuit.

Dec. 31, 2003.

H. Raymond Fasano, Law Office of Madeo & Fasano, New York, NY, for Petitioner.

Heidi A. Wendel, Assistant U.S. Attorney, for James B. Comey, U.S. Attorney for the Southern District of New York (Sara L. Shudofsky, Assistant U.S. Attorney, on the brief), for Respondent.

Present: FEINBERG, CALABRESI, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the BIA's decision summarily affirming the IJ's denial of asylum and withholding of deportation be and it hereby is **VACATED** and the cause is **REMANDED WITH INSTRUCTIONS** for further proceedings consistent with this order.

Jian Hua Pan, a citizen of the People's Republic of China, appeals a BIA ruling affirming an Immigration Judge's decision to deny his application for asylum and withholding of deportation. Pan entered the United States on a false passport in 1993, and sought asylum on the grounds that he feared Chinese authorities would arrest him for alleged anti-Communist activity if he were to return to China. In support of his application, Pan claimed that he was detained and physically abused by Chinese police in December 1992, after

detectives discovered in his possession some anti-Communist magazines that had been given to him by a friend who had emigrated to Hong Kong. Pan alleges that the police threatened to arrest him if he did not reveal the source of the magazines and the names of associates with whom he read and discussed the magazines, and that he left China rather than betray his friends. Following a hearing, the Immigration Judge denied his application for asylum and withholding of deportation, but granted him voluntary departure. The BIA summarily affirmed the IJ's ruling.

The BIA "is certainly not precluded from summarily affirming an IJ's decision and adopting the IJ's reasoning in doing so, as long as the IJ's decision is sufficient to allow for review and we are confident that the BIA fulfilled its duty to independently review a petitioner's case." *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). When the BIA has summarily affirmed an IJ's decision, we review the IJ's decision directly to determine whether it was supported by substantial evidence. *See id.* at 305, 306–07.

In his oral ruling following the hearing, the IJ identified inconsistencies in Pan's account involving (1) how many anti-Communist magazines he received from his friend; (2) whether these magazines were for sale in his shop, or merely distributed to his friends from there; and (3) the length of time for which he was detained by police. The IJ's decision also rested in significant part upon a finding that a key piece of the applicant's documentary evidence, a statement from his parents, failed to corroborate his allegation that the police visited his parents' home on a number of occasions after Pan's departure from China. According to the IJ, that omission both undermined the credibility of Pan's account of past persecution, and called into

question his claim that he feared future persecution if he returned to China.

The IJ did not find that Pan's parents' statement lacked credibility in itself. Indeed, their written testimony did corroborate key elements of Pan's account, including police confiscation of the anti-Communist magazines, their interrogation and threat of arrest, their closing of his store two days later, and a police visit to Pan's parents' home after Pan went into hiding. Rather, the IJ discounted their statement because it omitted certain information—information his parents may not have known would be crucial to Pan's claim that he fears persecution in the future. Since the other discrepancies in his account do not necessarily undermine the core of Pan's claim that he was detained and threatened with arrest for expressing his political opinion, the presence or absence of corroborative evidence may be dispositive here. *See Diallo v. INS*, 232 F.3d 279, 289–90 (2d Cir.2000) (stating that asylum petitioners must be afforded an opportunity to explain failures to provide important corroborative evidence, and that the BIA must give a rationale for discounting those explanations).

We therefore VACATE and REMAND this case to the BIA with instructions (a) to allow the petitioner an opportunity to present—either to it or to the IJ—additional evidence from his parents regarding events subsequent to his departure from China, and (b) thereafter to undertake further proceedings consistent with this order.